UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAIME TILLMAN and DEREK TILLMAN,
    Plaintiffs,

08-

vs.

GMAC MORTGAGE, LLC,
    Defendant
_____/
ALAN B. POSNER  P27981
KELMAN LORIA, PLLC
Attorneys for Plaintiff
660 Woodward Ave., Suite 1420
Detroit, MI 48226
(313) 961-7363 Ext. 229
Fax: (313) 961-8875
_____/

## COMPLAINT AND JURY DEMAND

Plaintiffs complain that:

### JURISDICTION AND PARTIES

1. Plaintiffs are residents of Jackson County, Michigan.

2. Defendant is a limited liability company doing business in the State of Michigan.

3. Jurisdiction is based on federal question pursuant to 15 USC §1681 et seq.

### GENERAL ALLEGATIONS

4. In 2006, Plaintiffs were mortgagors of a home located at 6500 Blackman Road, in Jackson, MI 49201.

5. Aegis Lending was the original mortgagee on that loan, and immediately transferred the servicing of that loan to Aegis Mortgage Corporation.

6. Effective as of the January 2007 monthly payment, Aegis Mortgage transferred the servicing of that loan to Defendant.

7. At all times pertinent, Plaintiffs have made timely monthly payments in accordance with the terms of the loan.

8. At all times pertinent, Defendant failed to apply Plaintiffs' payments to the loan.

9. In August 2007, Defendant, through its agent, published a foreclosure notice, falsely asserting that Plaintiffs were in default.

10. Plaintiffs contacted Defendant on multiple occasions and demonstrated proof of timely payment and that they were not in default on the mortgage loan.

11. On September 19, 2007, Defendant sent Plaintiffs a letter canceling the foreclosure sale and indicating "we deeply regret the mixup."

12. Soon after, Defendant transferred the servicing of the mortgage loan to Select Portfolio Services (SPS).

## COUNT I: VIOLATION OF FAIR CREDIT REPORTING ACT

13. At all times pertinent, Defendant has been a "furnisher of information" under the Fair Credit Reporting Act (FCRA) 15 USC §1681 et seq.

14. At all times pertinent, Defendant owed the following duties to Plaintiffs:

  a) pursuant to the mortgage contract, to properly apply payments in accordance with the Uniform Covenants;

  b) in accordance with the mortgage contract, upon transfer of the mortgage to another servicer, provide the servicer with accurate information concerning the status of payments made;

  c) pursuant to FCRA 15 USC §1681s-2(b) upon being notified that Plaintiffs disputed the accuracy of information with respect to their account, to conduct an investigation, review all relevant information, report the results of the

investigation to consumer reporting agencies, and if the investigation finds that the information is incomplete or inaccurate, report those results to all consumer reporting agencies to which Defendant furnished the original information.

15. Defendant breached its duties as follows. Defendant: a) reported false and damaging information about the status of Plaintiffs' payments to various consumer reporting agencies, i.e. that Plaintiffs were behind on payments and in default when they were not; b) failed to report that the inaccurate information previously reported was in dispute; c) failed to report that the original information was inaccurate; and d) failed to supply SPS with accurate information as to the status of Plaintiffs' account status, i.e. that they were in good standing and not behind on payments or in default.

16. Defendant's conduct was willful, i.e. Defendant committed these violations in reckless disregard of its obligations under the FCRA and the mortgage contract and in reckless disregard of Plaintiffs' rights.

17. As a direct result of Defendant's violations as described above, Plaintiffs have suffered harm to their credit rating, have been denied one or more loans, have incurred interest rates on loans much higher than they would be if they had a credit report that was accurate, and Plaintiffs have further suffered great mental anguish and emotional distress.

Plaintiffs demand judgment against Defendant for whatever amount is fair and equitable under the circumstances, including compensatory, exemplary, and punitive damages, as well as interest (pre-Complaint and pre-judgment), costs, and attorney fees. Plaintiffs also demand equitable relief in the form of an injunction requiring Defendant to report accurately to all consumer reporting agencies the history of the loan described above.

**PLAINTIFFS DEMAND TRIAL BY JURY**

        Kelman Loria, PLLC

        By:_____
        Alan B. Posner
        660 Woodward Ave., Suite 1420
        Detroit, MI 48226
        (313) 961-7363 Ext. #229

October 1, 2008